The undersigned have reviewed the prior Opinion and Award based upon the record in this case. The appealing party has shown good ground to reconsider the evidence based upon the fact that Deputy Commissioner Lorrie L. Dollar did not award burial expenses.
In all other respects and upon review of all the competent evidence of record, the undersigned find the appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, or amend the award except to MODIFY Deputy Commissioner Dollar's Opinion and Award by adding Finding of Fact #14, Conclusions of Law #4 and #5, and Award #3 and #4.
With the aforementioned exceptions, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of Deputy Commissioner Lorrie L. Dollar.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Aetna Casualty Surety Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The deceased employee sustained an admittedly compensable injury on November 1, 1995, which resulted in his death.
5. The plaintiff's average weekly wage was $344.40, which yields a compensation rate of $229.54 per week.
6. The issue for determination is to whom shall death benefits be paid as a result of the admittedly compensable fatal injury to Craig Alan Robison.
7. The parties stipulated the following documents into evidence at the hearing:
a. Decree for Dissolution of Marriage;
 b. Support Docket from the Clerk of Harrison County, Indiana;
c. Child Support Document and Parent Locator receipt;
 d. North Carolina Social Services records of child support payments;
e. Lylerly Funeral Home bill and receipt;
 f. Records of the Harrison County Circuit Court, Harrison, Indiana; and
g. Birth Certificate of Craig Alan Robison.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On November 1, 1995, Craig Alan Robison was a twenty-one year old male who had never been married and who had no children. There were no persons wholly or partially dependent upon Craig Alan Robison for their support.
2. Craig Alan Robison was the biological child of Roger O. Robison and Martha Ann Robison (now Owen). He was born on November 6, 1973.
3. Martha Ann Robison was granted a divorce from Roger O. Robison on November 2, 1974, pursuant to which custody of the decedent and his older brother Chris was awarded to Martha Ann Robison (now Owen). Roger O. Robison was further ordered to pay $30.00 per week for the support of the two children which was to be paid through the Clerk of Court for Harrison County, Indiana.
4. Roger Robison failed to comply with the child support order and was subsequently found in contempt of court and sentenced to jail. Thereafter, he began making periodic child support payments on June 13, 1974.
5. Roger Robison paid thirty-two weekly child support payments in 1975, thirty-four weekly child support payments in 1976, thirty-one weekly child support payments in 1977, and seven weekly child support payments in 1978. He ceased payments on April 17, 1978, without authorization from the Clerk of Court of Harrison County, Indiana. At that time, the decedent was four years old and his brother was six years old. Roger Robison was permitted to visit with the boys, so long as he did not consume alcohol before or during the visits, and he seldom participated in visitation with his sons.
6. On September 7, 1977, Martha Ann Robison married William K. Owen, and in 1979, they moved with the two boys to Salisbury, North Carolina, due to economic conditions.
7. Although Martha Ann Owen and her family made frequent visits to Harrison, Indiana, after 1979, Roger O. Robison never requested visitation with his sons, even though he knew of their frequent visits to the state.
8. Roger O. Robison never sent birthday or Christmas cards or gifts to either of his sons. He did not telephone to speak with his sons.
9. Roger O. Robison only requested to have Craig Alan Robison visit with him on one occasion in 1984, when both boys traveled to Indiana for a vacation. During this visit, Roger Robison utilized his sons as farm laborers to assist in mowing and putting up hay for hire, for which Mr. Robison kept the money.
10. On August 4, 1988, Martha Ann Owen filed an action with the North Carolina Department of Human Resources Division of Child Support Enforcement, in order to secure enforcement of the Indiana Child Support Order. Thereafter, Roger O. Robison was ordered to pay $45.00 per week for the arrearages, with his wages being garnished to pay the support. Roger O. Robison failed to satisfy this order, and at the time of this hearing, owed $28,113.25 in back child support for Craig and Chris Robison.
11. At a high school graduation trip, Craig Alan Robison went to Indiana, during which he made the effort to see Roger Robison.
12. From 1978 through 1988, Roger O. Robison willfully abandoned the care and maintenance of Craig Alan Robison. Roger Robison only resumed paying for the support of Craig Alan Robison, upon institution of an enforcement action by Martha Ann Owen in 1988, and then, Roger Robison only complied with the enforcement order through September of 1990, when he voluntarily quit his job and ceased making support payments.
13. In the year prior to Craig Alan Robison's eighteenth birthday on November 6, 1991, Roger O. Robison did not provide any support for Craig Alan Robison.
14. Plaintiff's counsel has requested an attorney's fee in the amount of twenty-five percent (25%). Considering the complexity of this case, the result obtained and the usual and customary attorney's fee received by attorneys representing claimants before the Industrial Commission in death benefit cases, the fee requested by plaintiff's counsel is unreasonable.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On November 1, 1995, Craig Alan Robison sustained an injury by accident arising out of and in the course of his employment with the defendants. Craig Alan Robison died as a proximate result of the injuries sustained in the admittedly compensable accident. N.C. GEN. STAT. §§ 97-2 (6), 97-38.
2. Roger O. Robison willfully abandoned the care and maintenance of Craig Alan Robison from 1978 through 1988, and from September of 1990 through the date of the hearing. Accordingly, Roger O. Robison is not entitled to compensation by virtue of the death of Craig Alan Robison. N.C. GEN. STAT. §97-40.
3. Due to the willful abandonment of Craig Alan Robison by Roger O. Robison, and the fact that Craig Alan Robison was not married, had no children nor any individuals dependent for support, in whole or in part, upon his earnings on November 1, 1995, Martha Ann Owen is entitled to four hundred weeks of compensation to be commuted to its present value and paid in a lump sum. N.C. GEN. STAT. § 97-40.
4. In light of the complexity of the case, the result obtained, and the usual and customary attorney's fee received by attorneys representing claimants before the Industrial Commission, the fee requested by plaintiff's counsel is unreasonable. An attorney's fee in the amount of $6,000.00 is approved for plaintiff's counsel.
5. Burial expenses not exceeding $2,000.00 are to be paid to persons entitled to receive statutory benefits under N.C. Gen. Stat. §§ 97-38, 40 when death results proximately from a compensable injury. Martha Ann Owen is entitled to receive burial expenses for decedent in the amount of $2,000.00.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay compensation to Martha Ann Owen at the rate of $229.54 per week for the period from November 1, 1995 to the date of this Opinion and Award, and the commuted value of compensation from the date of this Opinion through the end of the 400 week period. This compensation shall be paid in a lump sum.
2. A reasonable attorney's fee of $6,000.00 is hereby approved to be deducted from sums due Martha Ann Owen to be paid directly to her counsel.
3. Defendants shall pay Martha Ann Owen burial expenses in the amount of $2,000.00
4. Defendants shall pay the costs.
 S/ _____________ MARY MOORE HOAG DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ DIANNE C. SELLERS COMMISSIONER
S/ _____________ COY M. VANCE COMMISSIONER
MMH:db